Max G. Carey (Carnarius) v. Commissioner.
Max G. Carey v. Commissioner
Docket No. 31563.
United States Tax Court
1952 Tax Ct. Memo LEXIS 85; 11 T.C.M. (CCH) 943; T.C.M. (RIA) 52279; September 19, 1952
Max G. Carey (Carnarius), pro se. James R. Harper, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Taxpayer contests the following deficiencies in income tax determined by the Commissioner: Year
Deficiency
1946
$273.02
1947
189.79
The following questions are presented for decision: (1) Was the sum of $1,200 deducted by the taxpayer in each of the years 1946 and 1947 properly disallowed by the Commissioner as a deductible expense under section 23(a)(1)(A) of the Internal Revenue Code? (2) Did certain shares of stock become worthless in the year 1947? Findings of Fact The petitioner (hereinafter called taxpayer) is an individual living at *86 Miami Beach, Florida. His returns for the years in question were filed with the collector of internal revenue for the district of Florida. Taxpayer built his home at Miami Beach in 1934 and he and his family have continuously maintained their residence there. In 1945 taxpayer was appointed president of a girls' professional baseball league known as the "All-American Girls Baseball League". His duties as president consisted of recruiting players for all of the league teams. He was responsible for the hiring of umpires, chaperones, and managers of the various teams and also supervised the league training camp. The main and only office of the league was in Chicago, Illinois. Taxpayer accepted the position as president with the knowledge that league activities would be centered in Chicago and that his work with the league would be largely conducted in that city. Taxpayer suffered from sinus trouble and retained his home at Miami Beach because the climate there was more healthful to him than the climate in Chicago would be. During the years in question taxpayer lived at Miami Beach about six months of the year. He also did some of the league work from his home at Miami Beach since *87 training of the teams was conducted in that vicinity for four or five weeks each year. While in Chicago taxpayer lived in downtown hotels and his living expenses (room and board) while in that city approximated $1,200 per year in 1946 and 1947. These living expenses in Chicago were disallowed by the Commissioner and this disallowance is here contested. The living and traveling expenses incurred by taxpayer as he moved from city to city outside of Chicago are not in question in this proceeding as they were paid directly from league funds. The taxpayer was employed initially at a salary of $6,000 per year. This amount was increased $1,560 at his request when taxpayer found that his expenses were greater than expected. This increase in salary was described by the treasurer of the league as salary and was not specifically designated as an expense in advance. The taxpayer was expected to pay his Chicago expenses from the amounts received from the league as salary. In 1920 the taxpayer purchased 20 shares of stock in Shipley-Massingham Company, incorporated under the laws of Pennsylvania, a wholesale drug concern, and paid $1,800 therefor. Taxpayer received dividends on the stock *88 until 1938 or 1939, but knew little of the activities of the company thereafter. Taxpayer received a letter from the internal revenue agent in charge stating that according to the records of that office the stock had become worthless in 1947. The company went out of existence in 1947, according to the records of the Department of Revenue of the Commonwealth of Pennsylvania. The stock became worthless in the year 1947. Opinion This taxpayer handled his case in person and the Court was impressed by his sincerity as well as his honest perplexity concerning the legal principles involved. The first problem presented falls into the familiar class of problems governed by the decision in Commissioner v. Flowers, 326 U.S. 465. The only expenses here involved are the personal living expenses of the taxpayer in Chicago. Taxpayer's employment required his presence in Chicago, but, to paraphrase the language of the Fourth Circuit Court of Appeals in Andrews v. Commissioner, 179 Fed. (2d) 502, the purposes of his employment were not served by the maintenance of a separate home in Miami Beach, or by the resulting increase in his personal expenses while in Chicago which *89 he now seeks to deduct. The maintenance of his home in Miami Beach was motivated by reasons of personal health and convenience. In situations of this kind it is established that the living expenses of a taxpayer at his place of business are not deductible under section 23(a)(1)(A. We find nothing in this record which distinguishes this case from the fact situations present in the above cited cases. See also Barnhill v. Commissioner, 148 Fed. (2d) 913. The Commissioner's determination as to the nondeductibility of the $1,200 expenses claimed in each of the years 1946 and 1947 is sustained. On the second question, while the evidence is not as conclusive as it might have been, we think it supports our finding that the Shipley-Massingham Company stock became worthless in 1947. Accordingly, taxpayer is entitled to claim it as worthless in that year. Decision will be entered under Rule 50.